06-CV-05343-ORD

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

PHILLIP L. DICK,

      Plaintiff,

      v.

VANCOUVER POLICE DEPARTMENT, *et al.*,

      Defendants.

Case No. C06-5343 RJB/KLS

ORDER TO SHOW CAUSE

This civil rights action has been referred to United States Magistrate Judge Karen L. Strombom pursuant to Title 28 U.S.C. § 636(b)(1) and Local MJR 3 and 4.   Plaintiff has been granted leave to proceed *in forma pauperis.* (Dkt. # 3).  Before the court for review is plaintiff's proposed civil rights complaint in which plaintiff names the Vancouver Police Department, Clark County Superior Court, Clark County Prosecuting Attorney's Office, and Clark County Superior Court Judges as defendants. (Dkt. # 1).   Plaintiff has brought this action under 42 U.S.C. § 1983, but challenges a 2004 Washington state court conviction and requests that this court overturn that conviction.   The court finds that plaintiff must show cause why his complaint should not be dismissed for failure to state a claim under 42 U.S.C. § 1983:

      (1)   In order to state a claim under 42 U.S.C. § 1983, a complaint must allege that (1)  the conduct complained of was committed by a person acting under color of state law and that (2)  the conduct deprived a person of a right, privilege, or immunity secured by the Constitution or laws of the United States. Parratt v. Taylor, 451 U.S. 527, 535 (1981), *overruled on other grounds,* Daniels

ORDER - 1

1   v. Williams, 474 U.S. 327 (1986). Section 1983 is the appropriate avenue to remedy an alleged

2   wrong only if both of these elements are present. Haygood v. Younger, 769 F.2d 1350, 1354 (9th

3   Cir. 1985), *cert. denied*, 478 U.S. 1020 (1986).

4         In addition, when a person confined by government is challenging the very fact or duration of

5   his physical imprisonment, and the relief he seeks will determine that he is or was entitled to

6   immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of

7   habeas corpus. Preiser v. Rodriguez, 411 U.S. 475, 500 (1973). In June 1994, the United States

8   Supreme Court held that "[e]ven a prisoner who has fully exhausted available state remedies **has no**

9   **cause of action under § 1983 unless and until the conviction or sentence is reversed, expunged,**

10  **invalidated, or impugned by the grant of a writ of habeas corpus."** Heck v. Humphrey, 512

11  U.S. 477, 487 (1994)(emphasis added). The court added:

12        Under our analysis the statute of limitations poses no difficulty while the state
          challenges are being pursued, since the § 1983 claim has not yet arisen. . . . [A]

13        § 1983 cause of action for damages attributable to an unconstitutional conviction or
          sentence does not accrue until the conviction or sentence has been invalidated.

14
    Id. at 489. "[T]he determination whether a challenge is properly brought under § 1983 must be

15  made based upon whether 'the nature of the challenge to the procedures [is] such as necessarily to

16  imply the invalidity of the judgment.' *Id.* If the court concludes that the challenge would necessarily

17  imply the invalidity of the judgment or continuing confinement, then the challenge must be brought

18  as a petition for a writ of habeas corpus, not under § 1983." Butterfield v. Bail, 120 F.3d 1023,

19  1024 (9th Cir.1997) (*quoting* Edwards v. Balisok, 520 U.S. 641 (1997)).[1]

20        (2)   Plaintiff must also allege facts showing how individually named defendants caused or

21  personally participated in causing the harm alleged in the complaint. Arnold v. IBM, 637 F.2d 1350,

22  1355 (9th Cir. 1981). A defendant cannot be held liable under 42 U.S.C. § 1983 solely on the basis

23  of supervisory responsibility or position. Monell v. New York City Dept. of Social Services, 436

24

25        [1]The fact that a plaintiff is no longer able to overturn his prior conviction by means of habeas

26  corpus does not preclude Heck's bar because plaintiff had the opportunity to seek habeas relief and
    his failure to timely do so cannot be used as a shield. Guerrero v. Gates, 442 F.3d 697, 703-705 (9th

27  Cir. 2006).

28  ORDER - 2

U.S. 658, 694 n.58 (1978). A theory of *respondeat superior* is not sufficient to state a § 1983 claim. Padway v. Palches, 665 F.2d 965 (9th Cir. 1982). In order to set forth a claim against a municipality under § 1983, a plaintiff must show that the defendant's employees or agents acted through an official custom, pattern or policy that permits deliberate indifference to, or violates, the plaintiff's civil rights; or that the entity ratified the unlawful conduct. See Monell v. Department of Social Servs., 436 U.S. 658, 690-91 (1978); Larez v. City of Los Angeles, 946 F.2d 630, 646-47 (9th Cir. 1991).

Accordingly, it is ORDERED:

1.    Plaintiff shall show cause why this petition should not be dismissed. A response is due by **August 31, 2006.** If plaintiff fails to file a response or the response shows the plaintiff cannot go forward the court will enter a report and recommendation that the complaint be dismissed.

2.    The Court Clerk is directed to send a copy of this Order to plaintiff.


DATED this _2nd_ day of August, 2006.


Karen L. Strombom
United States Magistrate Judge

ORDER - 3