UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

PHILLIP L. DICK,

Plaintiff,

v.

VANCOUVER POLICE DEPARTMENT, *et al.*,

Defendants.

Case No. C06-5343 RJB/KLS

REPORT AND RECOMMENDATION

**NOTED FOR:**
**October 27, 2006**

This civil rights action has been referred to the undersigned United States Magistrate Judge Karen L. Strombom pursuant to Title 28 U.S.C. § 636(b)(1) and Local MJR 3 and 4. Plaintiff was given leave to proceed *in forma pauperis.* (Dkt. # 3). On August 2, 2006, Plaintiff filed his proposed Complaint. Following review, Plaintiff was ordered to show cause why his complaint should not be dismissed for failure to state a claim under 42 U.S.C. § 1983. The court has reviewed Plaintiff's response and makes this report, recommending that Plaintiff's Complaint be dismissed without prejudice.

**DISCUSSION**

In his Complaint, Plaintiff names the Vancouver Police Department, Clark County Superior Court, Clark County Prosecuting Attorney's Office, and Clark County Superior Court Judges as defendants. (Dkt. # 1). Plaintiff challenges his 2004 Washington state court conviction and requests that this Court overturn that conviction. (Id.).

On August 2, 2006, after its initial review of Plaintiff's Complaint, the court ordered the Plaintiff to show cause why his Complaint should not be dismissed for failure to state a claim under 42 U.S.C. § 1983. (Dkt. # 7). Plaintiff was advised that in order to state a claim under 42 U.S.C. § 1983, a complaint must allege that (l) the conduct complained of was committed by a person acting under color of state law and that (2) the conduct deprived a person of a right, privilege, or immunity secured by the Constitution or laws of the United States. Parratt v. Taylor, 451 U.S. 527, 535 (1981), *overruled on other grounds*, Daniels v. Williams, 474 U.S. 327 (1986). Plaintiff was advised that he must also allege facts showing how individually named defendants caused or personally participated in causing the harm alleged in the complaint. Arnold v. IBM, 637 F.2d 1350, 1355 (9th Cir. 1981).

In addition, Plaintiff was advised that when a person confined by government is challenging the very fact or duration of his physical imprisonment, and the relief he seeks will determine that he is or was entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus. Preiser v. Rodriguez, 411 U.S. 475, 500 (1973). In June 1994, the United States Supreme Court held that "[e]ven a prisoner who has fully exhausted available state remedies **has no cause of action under § 1983 unless and until the conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus.**" Heck v. Humphrey, 512 U.S. 477, 487 (1994)(emphasis added). The court added:

> Under our analysis the statute of limitations poses no difficulty while the state challenges are being pursued, since the § 1983 claim has not yet arisen. . . . [A] § 1983 cause of action for damages attributable to an unconstitutional conviction or sentence does not accrue until the conviction or sentence has been invalidated.

Id. at 489. "[T]he determination whether a challenge is properly brought under § 1983 must be made based upon whether 'the nature of the challenge to the procedures [is] such as necessarily to imply the invalidity of the judgment.' *Id*. If the court concludes that the challenge would necessarily imply the invalidity of the judgment or continuing confinement, then the challenge must be brought as a petition for a writ of habeas corpus, not under § 1983." Butterfield v. Bail, 120 F.3d 1023, 1024 (9th Cir.1997) (*quoting* Edwards v. Balisok, 520 U.S. 641 (1997)).

Plaintiff timely responded to the order to show cause. (Dkt. # 8). Plaintiff states that at the time of his arrest, the "Vancouver Police Officer," who arrested him made a statement in the police car that he "will beat me up with his flashlight, 'when no one around [sic]!'" Plaintiff states further, "[t]he officer got personal upset then he threating [sic] me with body harm of the above statement in the police car - (never read my rights)."

Plaintiff has failed to cure the defects in his Complaint. Plaintiff cannot bring a 42 U.S.C. § 1983 action for a verbal encounter of this nature. Verbal threats or taunts, without more, simply do not rise to the level of a constitutional violation. Oltarzewski v. Ruggiero, 830 F.2d 136 (9th Cir. 1987). Plaintiff's remaining allegations clearly sound in habeas and not in Section 1983. Plaintiff's challenges include the following issues: he was arrested without a warrant; he was convicted on false statements; he should have received jail time only; the prosecutor's office engages in blackmail to receive quick convictions by false statements. Plaintiff seeks to have his sentence overturned, a minor sentence with jail time imposed and dismissed. The issues raised and the relief Plaintiff requests all necessarily imply the invalidity of his judgment or continuing confinement. Accordingly, Plaintiff's challenge must be brought as a petition for a writ of habeas corpus, not under § 1983.

## CONCLUSION

This action must proceed in habeas. Plaintiff's case fails to state a claim and must be **DISMISSED WITHOUT PREJUDICE.** Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from service of this Report and Recommendation to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will

result in a waiver of those objections for purposes of appeal. Thomas v. Arn, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on **October 27, 2006**, as noted in the caption.

DATED this 26th day of September, 2006.

Karen L. Strombom
United States Magistrate Judge